Morin, Respondent, v. Martin's Administrator, Appellant.

1. Where one of two partners pays to a creditor of the firm one-half the debt due from the partnership, the partner so paying will not be entitled to recover of the other partner the sum so paid unless it should appear, upon a settlement of the affairs of the partnership, that such sum is due to him from the partnership.

*Appeal from Platte Circuit Court.*

Plaintiff, Morin, presented to the probate court of Platte county for allowance a demand against the estate of James

B. Martin, deceased, of one-half of $3400, with interest from July 1, 1849, to July 16, 1855, deducting certain items allowed as credits amounting to $256.50. The claim was allowed in the probate court and an appeal was taken to the circuit court. The cause was submitted to the court sitting as a jury and the court finds the facts as follows: "That in the year 1849, decedent, James B. Martin, and plaintiff owned certain mill property in Platte county, upon which F. B. Martin had a lien for about the sum of $3400; that Morin became interested in the mill by purchase from J. B. Martin, deceased, and was to extinguish this lien; that on or about November, 1849, plaintiff paid or offered to pay to F. B. Martin's agent the said sum of $3400, which amount by consent of said agent was left in the hands of said plaintiff and J. B. Martin, deceased, with interest at the rate of six per cent. per annum from the first day of June, 1849; that said plaintiff has since paid or caused to be paid to said F. B. Martin about the sum of $1600, and that the above item of $3400 has never been settled between said plaintiff and Martin; and that the plaintiff is entitled to recover of defendant the one-half of the sum last above named with interest from the 1st day of June, 1849, less the amount of credits upon plaintiff's account."

Judgment was accordingly rendered in favor of plaintiff for $2041.25. A motion for a review was made and overruled.

*Gardenhire* and *Morrow*, for appellant.

I. There was an insufficient finding of the facts by the court, and therefore a review of the facts ought to have been had by the court.

II. The finding of the court was against the law and the facts of the case.

III. The probate court had no jurisdiction of the case, and consequently the circuit court could have none by appeal.

IV. The circuit court ought to have reviewed the law and the facts of the case, and granted a new trial, or to have arrested the judgment.

V. Spratt's testimony ought not to have been heard by the court, for the reason that it was hearsay, incompetent, irrelevant and illegal.

VI. Atchison's deposition ought not to have been read inasmuch as Atchison himself was present and examined.

VII. It does not appear from the finding of the court or the evidence in the cause that there ever was a dissolution of the partnership between the plaintiff and appellant's intestate; therefore this proceeding should have been according to the rules of practice which govern courts of chancery. (Sess. Acts, 1849, p. 428; Sess. Acts, 1847, sec. 4, p. 32.)

*Napton*, for respondent.

I. The finding of the court, although not embracing all the facts which the evidence discloses, is sufficient to show that the half of $3400, with interest, &c., was due to plaintiff.

II. The partnership, its dissolution and final settlement, as proved by Spratt, had no connection with the indebtedness sued for and established. It appeared that Morin and Martin paid off their respective shares of the $3400 mortgage — Morin, through the witness Almond, and Martin, through Paxton; that the partnership was dissolved and settled, no matter how, and consequently that one-half of the $3400 offered to Atchison and subsequently put into the concern of Martin & Co., at six per cent., was still due to Morin from Martin.

SCOTT, Judge, delivered the opinion of the court.

On whichever side the justice of this case may be when it is understood, it is at least now clear that the facts as found by the court do not warrant the judgment rendered for the plaintiff. He alone, according to the finding, owed the lien of thirty-four hundred dollars. When, then, by arrangement with the agent of F. B. Martin, to whom the sum secured by the lien was due, that sum was deposited with J. B. Martin & Co., Morin, the debtor, was discharged from his individual indebtedness, and became liable for his share of it

as a member of the firm of J. B. Martin & Co. Being an equal partner, and having paid his share of the debt only, by what principle is. he authorized to recover. from his partner the amount paid by him ? It is as though Atchison, the agent, had loaned $3400 to the firm of Martin & Co. The firm being composed of two members, if one of them pays his share of the loan, by what right can he claim to recover it from his co-partner, unless on a settlement of the business of the firm it appeared that the amount was due him. The half not paid would be due by James Martin to F. B. Martin, but the evidence was that James Martin paid F. B. Martin his half of the debt of $3400. The claim of Morin is for money paid for James Martin, when the finding shows that the money paid by Morin was due by himself. If it was claimed by Morin that the money was loaned by him to James and Green Martin to pay the debt of $3400 due by them to F. B. Martin, then James and Green Martin would be indebted to Morin in that sum. Such would not be a partnership debt of the firm of Martin & Co., and Morin would be entitled to recover it from the estate of James Martin. But neither the claim of the plaintiff Morin, nor the finding of the court, presents any such case ; nor can we see how Morin should claim only half of the debt and not the whole of it, unless he had credited Martin for the half proved to have been paid by him—a supposition not warranted by any thing contained in the record, and moreover is inconsistent with the conduct of Morin on the trial, who submitted his case without any evidence of such payment having been made. Besides, such an idea is wholly inconsistent with the written demand of the plaintiff Morin as presented to the court for allowance.

If the claim of Morin is that of a partner against his co-partner, it is obvious that any balance to which he may be entitled, depending on an adjustment of the partnership account, could not be recovered in the form of action he has adopted. It would be impossible to ascertain whether there should be a recovery until an account was taken; an object

that could only be obtained by a petition in the nature of a bill in equity seeking an adjustment of the concerns of the partnership. We do not perceive the object of the testimony of the witness Spratt; but it is so loosely reported, without any reference to the dates of the events of which he speaks, that it would make it worse than idle to speculate as to the effect it has on the right of the plaintiff to maintain this or any other action against the estate of J. B. Green. Moreover, as the question is nowhere presented by the record, we do not conceive that there is any propriety in giving our views in relation to it.

We do not find any error in admitting the testimony, as we do not see how the defendant was injured by its introduction. Judge Ryland concurring, the judgment will be reversed, and the cause remanded; Judge Leonard absent.